UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELVIS MCGRAY | CIVIL ACTION |
| VERSUS | NO. 11-1760 |
| ZORRAINE M. WAGUESPACK ET AL. | SECTION "F" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, Elvis McGray, is a prisoner currently incarcerated in the River Correctional Center in Ferriday, Louisiana. He filed this complaint pro se and in forma pauperis in the United States District Court for the Middle District of Louisiana pursuant to 42 U.S.C. § 1983 against Tangipahoa Parish Twenty-First Judicial District Court Judges Zorraine M. Waguespack and Robert J. Ken alleging inappropriate action by the judges in connection with his post-conviction application. Plaintiff's complaint was transferred to this court from the Middle District on July 20, 2011. Record Doc. Nos. 1 and 3 (Complaint and Transfer Order).

Specifically, plaintiff's complaint states the following:

> Plaintiff filed into the District Court of Tangipohoa (sic) Parish an (sic) Petition for Post Conviction, . . which was granted by District Judge Robert J. Klen ? on 6/14/2010, and mail[e]d with Post Conviction an (sic) Writ of Habeas Corpus Ad-Testifcandum (sic).
> After a[] large amount of time alasp'd (sic), Plaintiff filed an notice of intent to seek appeal, said notice was denied, stating [that he] failed to appear for court date. Now Plaintiff was not awear (sic) of an[y] court date

> to appear into said court, because said court, refuse, fail'd (sic) to have Plaintiff brought to said court.
>
> Plaintiff filed into said court an (sic) petition for continuance and/or Requesting Rehearing, that was denied by District Judge Zorraine M. Waguespack on 5/31/2011.
>
> Plaintiff filed his Post conviction into said court because there is in fact an (sic) violation of due process of law within Plaintiff['s] case.
>
> Therefore, one District Judge granted said Post-Conviction and set an (sic) court date, that Plaintiff was not awear (sic) of because said court failed to notified (sic) Plaintiff of said court date.
>
> Judge Zorraine M. Waguespack is denieding (sic) every thing (sic) that Plaintiff files into court.
>
> So why is one District Judge grant[ing] the post-conviction, and another Judge, sentencing Judge Zorraine M. Waguespack denieding (sic) to have Plaintiff brought to court so Plaintiff may have his day into court to prove that said court has violated his fundamental Constitutional rights within his case.
>
> Plaintiff filed into said court an writ of Habeas Corpus Ad-Testifardum (sic), for which can't be denied, but was denied by District Judge Zorraine M. Waguespack.
>
> As it seems to Plaintiff that one Judge see's (sic) the due process violation, and an (sic) sentencing Judge is trying to cover up his mistake by refuseing (sic) to allow Plaintiff be brought to court by denieing (sic) requests to be brought to court.

Id., Complaint at ¶ IV, pp. 3-5.

In the relief portion of his complaint, McGray requests that the court "order said Judge's to have Plaintiff brought before said court so that Plaintiff may have his day into court." Id. (Complaint at ¶ V).

## **ANALYSIS**

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest

3

which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading[1] or because it seeks relief against defendants who are immune.

## II.   JUDICIAL IMMUNITY

Plaintiff's claims against the Tangipahoa Parish judges are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11.  This judicial immunity applies even if a judge is accused of acting maliciously or corruptly.  Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11.  Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction.  Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief.  Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity.  Pulliam v. Allen, 466 U.S. 522, 541-42 (1984).  However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity.  Guerin v.

5

Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief (the kind of relief he specifically requests) nor damages are available to McGray in this Section 1983 action against defendants. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

Furthermore, to whatever extent, if any, that McGray seeks an order of this court directing the judges to take action concerning plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). This court is without authority to order officials of the state court in

which plaintiff's criminal case is pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

McGray's claims against the judges concern actions that are exclusively within the scope of the judges' roles as judicial officers and therefore within their jurisdiction. Consequently, the doctrine of absolute judicial immunity bars McGray's suit against the judges. For these reasons, all of McGray's claims against defendants must be dismissed as legally frivolous or for failure to state a claim for which relief can be granted.

### III. HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

Read broadly, McGray's complaint seeks declaratory and injunctive relief arising from alleged constitutional deficiencies in his state court criminal proceedings. All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not

> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; Arnold v. Town of Slaughter, 100 Fed. Appx. 321, 2004 WL 1336637, at *3-4 (5th Cir. 2004); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). McGray's complaint indicates that, at the time of filing this complaint, he was in custody in the River Correctional Center in Ferriday, Louisiana, Record Doc. No. 1, (Complaint at ¶ II. A., p. 2). The conviction that he challenges in this case has not been set aside in any of the ways described in Heck. Thus, any claims for relief that he asserts, undermining his continued confinement, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again

until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

IV.     HABEAS CORPUS CLAIMS

As noted above, McGray's complaint in part challenges the very fact and duration of his confinement in connection with his conviction. Although his complaint is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his present confinement and seeks his release. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although McGray filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, McGray does not allege and there is no proof that he has exhausted his state court remedies in connection with his present incarceration. On the contrary, on the first page of his complaint, McGray indicates that he has not "begun any other lawsuit while incarcerated or detained in any facility" or "filed any lawsuit or

10

appeal in any federal district court or appeals court which has been dismissed." Record Doc. No. 1, Complaint at pp. 1 and 2, ¶ I.A. and C.  He does not indicate that he sought review of his conviction or sentence.  Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that McGray has <u>not</u> sought review in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his criminal conviction, before returning to this court with a properly filed habeas corpus petition.

### **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under <u>Heck</u>.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in plaintiff's 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to McGray's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

        New Orleans, Louisiana, this ___12th___ day of August, 2011.

                JOSEPH C. WILKINSON, JR.
                UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.